## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZHEN WEI, | ) |
| Room 1202, No. 98 Luofen Rd., | ) C/A No.:  1:23-cv-774 |
| Meilanhu Area, Baoshan District, | ) |
| Shanghai, China | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| U.S. DEPARTMENT OF STATE, | ) |
| 600 19th Street, NW, Suite 5.600, | ) |
| Washington DC 20522 | ) |
| | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, | ) |
| 2707 Martin Luther King Jr Ave SE, | ) |
| Washington, DC 20528-0525 | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## COMPLAINT

## NATURE OF ACTION

1.      Plaintiff Zhen Wei brings this action seeking four things: First, under the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552 to force Defendant U.S Department of State ("DOS")

to comply with its statutory obligations related to a FOIA request. On February 14, 2023, the

Plaintiff sought records from DOS related to her visa processing and information the U.S.

Department of Homeland Security ("DHS") had provided DOS without notice to Plaintiff's or an

opportunity to be heard on whether the information was correct. Defendant has violated FOIA by

failing to respond to the Plaintiff's request within the statutorily prescribed time limit and failing

to disclose the requested documents. The Plaintiff now asks the Court to order Defendant to

respond to the request and to disclose all responsive records improperly withheld.

1

2.     Plaintiff's second cause of action seeks a declaratory judgment that DHS's finding of inadmissibility based on fraud has been withdrawn by that agency and an order for that agency to remove any reference to it in their databases.

3.     Plaintiff's third cause of action seeks a declaratory judgment stating that the alleged grounds for inadmissibility have been abandoned by DHS and DOS must adjudicate her visa application without reference to those dismissed grounds.

4.     Plaintiff's fourth cause of action is a request for the Court to order Defendant to give a final agency action on her visa application.  Her visa has been pending since and has been unreasonably delayed under 5 U.S.C. 706.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

6.     This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.

7.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

8.     Plaintiff Zhen Wei is a Chinese national who has an immigrant visa petition approved by DHS for the Employment Based Fifth Priority (EB-5).  She filed an application with the United States Consulate for a visa in 2017.  Nearly six years later she still waits for an answer.

9.     Defendant U.S. Department of State is a federal agency whose headquarters are in this district at 2201 C St NW, Washington, DC 20520.  Under the Immigration and Nationality Act ("INA") DOS receives visa application for aspiring immigrants after their visa petition has been approved by DHS.

10.     Defendant U.S. Department of Homeland Security is the agency that determines if visa petitions meet the statutory eligibility criteria. Enforces federal laws immigration benefits. DHS is headquartered at 3801 Nebraska Ave NW, Washington, DC 20016.

11.     FOIA promotes open government by providing every person with a right to request and receive federal agency records. 5 U.S.C. § 552(a)(3)(A).

## LAW

### A.  **The Immigration and Nationality Act**

12.     The Immigration and Nationality Act creates two classes of visas.  The first is the temporary "nonimmigrant" visa categories.  8 U.S.C. 1101(a)(15).

13.     Each employment based nonimmigrant category has a corresponding immigrant visa category.  *See* 8 U.S.C. 1153(b).

14.     The nonimmigrant L visa is available to multinational executives or managers.  8 U.S.C 1101(a)(15)(L).

15.     A corresponding immigrant visa category for multinational executives and managers is available if they want the ability to permanently live in the US.  8 U.S.C. 1153(b)(1)(C). This is generally referred to as an EB1C visa.

16.     The INA also creates an immigrant visa category for investors who create employment for 10 or more US citizens.8 U.S.C. 1153(b)(5). This is generally referred to as an EB5 visa.

17.     The INA splits authorities and functions between several federal agencies.  The relevant agencies for this case are DHS and DOS.  Each has their own function defined by statute.

18.     The terminology in the INA can be confusing to the uninitiated.  The Act separates the process into two steps.  First, the visa petition, which is adjudicated by DHS.  Then, the visa application, which is adjudicated by DOS.

19.     Foreign nationals seeking to enter the US and obtain the ability to permanently and legally reside in this country must first file an immigrant visa petition with DHS.

20.     DHS evaluates the visa petition and determines if the aspiring immigrant meets the category's qualifications created by statute.  This statutory *eligibility* determination is a final agency action that may be challenged in court under the Administrative Procedure Act.

21.     The statutory eligibility criteria for the EB5 visa are found in 8 U.S.C.1153(b)(5).

22.     In the visa petition process DHS *does not* determine if the petitioner is "admissible" to the United States as defined in 8 U.S.C. 1182(a). Instead, it focuses on the elements of the visa category and the corresponding evidence provided with the petition.

23.     Upon approval of the visa petition the aspiring immigrant must wait for a visa to become immediately available.  When a visa number is available the aspiring immigrant may file an application for a visa with a US consulate under the jurisdiction of DOS.

24.     DOS evaluates the visa application to determine if the applicant meets the *admissibility* standards in 8 U.S.C. 1182.

25.     The most frequently cited grounds for statutory inadmissibility include the following:

    1. certain health conditions;
    2. criminal convictions;
    3. threats to national security;
    4. indigency which would lead to the applicant becoming a public charge;
    5. intending to work in the US without a Department of Labor certification;
    6. illegal entrants and immigration violators;

26.     Section 1182(a)(6)(C) prohibits admission to "any alien who by fraud or willfully misrepresenting a material fact seeks to procure (or has sought to procure or h as procured) a visa, other documentation, or admission into the United States..."

27.     While visa petitions are unlimited, the actual visa itself is numerically capped by statute in two ways.  First there are limits placed on the number of visas available to each specific visa category.  *See* 8 U.S.C. 1153.

28.     Second, within those visa categories the INA sets a 7% limit on the number of visas that may be granted to nationals of one country to 8 U.S.C. 1152(a)(2).

29.      When more than 7% of a visa category is comprised of individuals from one country the remaining applicants must wait until a future time for the visa to become available and the immediately available visas are awarded out of order to applicants from lower volume countries with more recent priority dates.

30.     DOS maintains the "Visa Bulletin" that alerts immigrants when a visa is immediately available based on the priority date of the visa petition.

31.     For Chinese nationals the wait for immigrant visas is nearly a decade in some categories.

**B.  The Administrative Procedure Act and Declaratory Judgment Act**

32.     The APA requires government agencies to take final agency action on an application within a reasonable time.  5 U.S.C. 706(1).

33.     The APA also authorizes courts to compel agency action that has been unlawfully withheld.  *Id*.

34.     The Declaratory Judgment Act allows courts to evaluate legal disputes and enter decisions explaining what the parties' rights and responsibilities are.  28 U.S.C. 2201.

**C.  The Freedom of Information Act**

35.     In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. 5 U.S.C. § 552(a)(6)(A).

36.     An agency must comply with a FOIA request by issuing a determination within 20 business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

37.     The determination "must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 771 F.3d 180, 186 (D.C. Cir. 2013).

38.     An agency may be entitled to one ten-day extension of time to respond to a request if it provides written notice to the requester explaining that "unusual circumstances" exist that warrant additional time. 5 U.S.C. § 552(a)(6)(B).

39.     An agency shall make available a FOIA public liaison to aid the requestor in limiting the scope of the request so that it may be processed within the statutory time limit. 5 U.S.C. § 552(a)(6)(B)(ii).

40.     An agency must immediately notify the requester of its determination whether to comply with a request, and the reasons for it, and of the right of such person to appeal an adverse determination. 5 U.S.C. § 552(a)(6)(B)(ii).

41.     An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

42.     A FOIA requester who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of public records. 5 U.S.C. § 552(a)(4)(B).

## **FACTS**

### **A. Zhen Wei's Immigration History**

43.     Plaintiff Wei is a successful businesswoman in China who owns several companies in that country.  Some of these companies focused on baby clothes and accessories.

44.     On July 3, 2014, Plaintiff Wei filed her first immigrant visa petition in the EB5 category. At the time she filed the petition visas were immediately available for Chinese nationals in the EB5 category.  Had DHS processed her petition in a timely manner she could have applied for a visa in 2014.

45.     But DHS did not adjudicate the EB5 in a timely manner.  That agency took no action on the petition until January 20, 2016, when it issued Plaintiff Wei an RFE.

46.     The agency made a final decision approving the petition on August 29, 2016, more than 2 years after the initial filing.

47.     By the time DHS made a final agency action the EB5 category for Chinese nationals had retrogressed, and visas were available for those with a priority date of February 15, 2014.

48.     The two-year delay in the EB5 adjudication weighed heavily on Plaintiff Wei's mind, and the accumulated uncertainty prompted her to invest in a US based company where she was an executive eligible for an EB1C visa.  The company, Sophia's Dream Inc., was owned by Plaintiff Wei and was the US based outlet for the baby products created by her Chinese based companies.

49.     Plaintiff Wei's EB1C petition was filed on April 6, 2015.  At the time of filing this category had visas immediately available.

50.     When processing the EB1C petition DHS acted with the same diligence it showed in the EB5 adjudication and did nothing with the EB1C petition until it issued an RFE on June 2, 2016.

51.     Plaintiff Wei responded to the RFE in August 2016.

52.     DHS then issued a notice of intent to deny ("NOID") on January 24, 2017, and Plaintiff Wei responded on March 24, 2017.

53.     On January 11, 2018, DHS took a final agency action, denying the EB1C visa petition on

two grounds.  First it found that the petition did not establish a qualifying connection between

the Chinese parent company and US based subsidiary (Sophia's Dream).

54.     The second ground, and separate and distinct final agency action was a finding of fraud

or misrepresentation.

55.     The alleged fraud finding was based on two issues.  First, a deposit Plaintiff Wei made to

Sophia's Dream's bank account was questioned with DHS alleging the funds came from a

different source.  Plaintiff Wei provided voluminous records showing a withdrawal from her

bank account at Cathay Bank in the amount of $250,000 and an immediate deposit for the same

amount in Sophia's Dream's bank account.

56.     The second part of the fraud finding was based on the agency's inability to understand

the scale and scope of Plaintiff Wei's business empire in China.  Plaintiff Wei owned and

managed more than 10 companies.  Part of the agency's confusion can, in all fairness, be blamed

upon a single typo in the translated name of one of Plaintiff Wei's Chinese businesses.

57.     Simply put, the fraud finding lacked any supporting evidence in the record.

58.     The denial and fraud finding were appealed to the AAO on February 9, 2018.

59.     On March 27, 2019, following an RFE, the AAO upheld in part and reversed in part the

service center's decision.

60.     The AAO agreed with the service center that the evidence in the record did not establish a

qualifying relationship between the Chinese parent company and US subsidiary.

61.     However, the AAO disagreed with the service center's fraud finding stating "[a]s there

were insufficient facts to support the Director's finding, that finding must be withdrawn."

62.     When Plaintiff Wei's EB5 visa became immediately available she appeared for an interview at the United States consulate.

63.     The consular officer stated that DHS had put a fraud finding in the computer system and as a result DOS was prevented from issuing the visa at that time.

64.     Plaintiff Wei provided the consular officer with the AAO decision withdrawing any allegation of fraud or misrepresentation.

65.     The consular officer did not deny the visa but placed it in administrative processing, noting in essence the DHS entry into a computer system overrides the State Department's ability to exercise its own judgment on admissibility.

66.     Plaintiff Wei appeared for a second consular appointment with a more encouraging conversation.

67.     The consulate appeared to understand the situation and was poised to process and approve the EB5 visa.  However, several months later there has been no decision on the visa application.

68.     The delay in Plaintiff Wei's visa application processing is primarily attributable to DHS's failure to delete the fraud finding from the computer system after that agency explicitly withdrew the finding.

69.     Had DHS deleted the finding, or added a notation to the finding, in the computer system when it was withdrawn Plaintiff Wei's visa would have been adjudicated long ago.

70.     A portion of the responsibility for the unreasonable delay lays with DOS, who refused to use their statutory authority to make their own independent decisions on admissibility.  Instead, DOS deferred to a computer input from DHS and did not use its own decision-making power or

discretion.  DOS was presented with undeniable proof that DHS withdrew the fraud finding but still deferred to a computer system.

**B. The Freedom of Information Act Request**

71.      Plaintiff Wei sent a request by mail to Defendant DOS ("the Request") seeking information relating to her held in agency electronic records. This Request was delivered on February 14, 2023. *See* Exhibit A (Confirmation of Delivery).

72.      The Request sought:

> All documents or entries in databases, systems of records, hard copy folders, maintained or accessed by the Department of State when processing requests for immigration benefits for Zhen Wei For all electronic notations finding grounds of inadmissibility provide the name of the agency which entered the information, the exact information the Department of State has access to or reviewed. Provide any cables, policy memoranda, regulations, or internal guidance from the State Department discussing or controlling the use of information provided by the Department of Homeland Security about an applicant for a visa. Provide all emails to or from Department of State employees referencing: Zhen Wei; Sophia's Dream Inc.; Beijing Tong Yuan Bao Bei Trading Co., LTD; Beijing ITTMOM Trading Company; Beijing Tang Tuan Baby Business (BTTBBT); Shanghia Weiyoudeng Trading Co. LTD; and Beijing Gnocchi Baby Trading Co. LTD.

*See* Exhibit B (Request).

73.      DOS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1) and therefore must comply with the nondiscretionary statutory requirements of FOIA.

74.      The statutory deadline for DOS to respond to the Request passed on March 15, 2023.

75.      DOS has not provided a confirmation or receipt number for the request.

76.      As of the filing of this Complaint, Defendant has not produced any responsive documents. DOS has not objected to the Request nor provided any detailed information regarding specific circumstances preventing the disclosure of the records sought.

77.     Where Defendant has failed to provide any substantive responses to the Request within the statutory timeframe, it has constructively denied the Request. As such, the Plaintiff has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

78.     The Plaintiff has a legal right to the requested records. Defendant has improperly withheld those records, forcing the Plaintiff to file suit to enforce its rights under FOIA.

79.     Plaintiff Wei has a compelling and immediate need for the information requested.

## STATEMENT OF CLAIMS
### Count I
### (Failure to Respond to Request Within Statutory Timeframe and Failure to Produce Responsive Documents)

80.     The Plaintiff alleges and incorporates the foregoing paragraphs as if set forth in full.

81.     Defendant failed to respond to the Request within the statutorily mandated timeframe, in violation of the Plaintiff's rights under FOIA, including but not limited to 5 U.S.C. § 552(a)(6)(A)(i) and § (6)(B).

82.     Defendant, through its inaction, also obstructed disclosure of responsive documents. 5 U.S.C. § 552(a)(3).

83.     The Plaintiff is entitled to its reasonable attorneys' fees and costs under 5 U.S.C. § 552(a)(4)(E).

## Count II
### (Declaratory Judgment Act)

84.     The Plaintiff re-alleges and incorporates the foregoing paragraphs as if set forth in full.

85.     Plaintiff Wei has established through the administrative record that she did not commit fraud or willful representation.  This assertion is confirmed by DHS whose highest appellate body, the AAO, withdrew the fraud finding, finding it without support in the record.

86.     Having proven her case before the agency and received documentary evidence of her innocence Plaintiff Wei should not have experienced any problems when applying for a visa from the US consulate.  However, DOS informed her the DHS fraud finding was still in effect and prevented the awarding of a visa.

87.     Plaintiff Wei seeks a declaratory judgment from this Court directing DHS to update its systems and delete the fraud finding it has already withdrawn.

## COUNT III
## (Declaratory Judgment Act)

88.     Plaintiff Wei asks this court to enter a declaratory judgment directing DOS to adjudicate her visa application without reference to the now withdrawn DHS fraud finding.

89.     DOS has evidence in its possession that the fraud finding has been withdrawn, yet it persists in refusing a visa to Plaintiff Wei because of that finding.

90.     Plaintiff Wei asks this Court to explain her rights in a written order directing DOS to adjudicate her visa application without considering the fraud finding.

91.     Plaintiff Wei has been waiting for a decision on her visa application for more than five years.

92.     DOS has not acted with "due regard for the necessities and convenience of" Plaintiff Wei.  Nor has DOS processed a final agency action in a reasonable time.

93.     DOS cannot plausibly claim this lengthy delay was caused by anything other than its adherence to a fraud finding it knew to be without basis.

94.     Consequently, the delay cannot be justified or argued to be reasonable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court:

(a) Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

(b) Find that Defendant's failure timely to respond or disclose records was unlawful;

(c) Order Defendant to search for and promptly disclose all records responsive to the Plaintiff's Request;

(d) Declare that the DHS fraud finding has been withdrawn, and direct DHS to delete it from their systems;

(e) Declare that DOS must immediately adjudicate the visa application without considering or referring to the withdrawn fraud finding.

(d) Award the Plaintiff's attorneys' fees and costs; and

(e) Grant such other relief as the Court may deem just and proper.


March 22, 2023,                                        Respectfully submitted,

                                                       /s/*Jonathan D. Wasden*
                                                       JONATHAN D. WASDEN
                                                       DDC MS0011
                                                       MSB 100563
                                                       Wasden Law
                                                       9427 Goldfield Lane
                                                       Burke, VA 22015
                                                       843.872.4978
                                                       jon@wasden.law

                                                       Attorney for Plaintiff